JOHN S. HENDERSON

*v.*

THE STATE OF ILLINOIS.

*Opinion filed December 16, 1897.*

STATUTE OF LIMITATIONS—*when claim is barred.* Claim filed April 2, 1897, for pay and subsistence in recruiting men for service in United States Army in August, 1862, is barred by statute of limitations.

From the declaration and bill of particulars filed by the claimant in the above entitled cause, we gather the following facts:

That the claimant with others in the summer of 1862 was authorized by one Colonel David O. Jenkins to recruit men for service in the army of the United States, and that on or about the first day of August, 1862, claimant began to recruit men for said service at Galesburg, Maquon and other points. That on the 27th of September, 1862, they were ordered to Peoria, Illinois, where they arrived on October 2d of the same year and where they remained in camp, drilling their men until January 7, 1863, at which time they were mustered into the service of the United States.

It further appears that claimant was commissioned Second Lieutenant of the company he helped to recruit. The bill of particulars filed by the claimant is as follows:

To pay from August 1st to December 17, 1862,
being four months and seventeen days at $53
per month ............................... $240.00
To four months and seventeen days subsistence. 221.60
                                          _____
    Total ................................ $461.93

The claim with the evidence supporting the same was filed with this Commission, April 2, 1897, to which claim the State by the Attorney General files two pleas; first, the general issue; second, the statute of limitations.

From the facts as shown by the evidence on file, we think it clear that claimant performed the services as alleged in recruiting the company of which he was commissioned Second Lieutenant, and that he undoubtedly expended certain sums of money while so engaged, but whether claimant expected the State to reimburse him for the same, or was induced to aid in recruiting said company with the knowledge of being commissioned one of the officers of the same, we are unable to determine, nor is it in the judgment of the Commission material for as the State has seen fit and proper to plead the statute of limitations to the claim, in the judgment of the Commission the claimant is barred of any right to recover, and as this Commission, has held the plea of the statute of limitations good in the case of Downey v. The State, we see no reason to change the same in this case, therefore the claim is denied.